**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARY J. HORSLEY,

Defendant - Appellant.

No. 01-1225

(D. Colorado)

(D.C. No. 00-CR-155-D)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, and **PORFILIO** and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Mary J. Horsley was convicted, following a jury trial, of one

count of possession of stolen mail, in violation of 18 U.S.C. § 1708. She was

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to ten months imprisonment and ordered to make restitution in the amount of $5,001.49. We affirm her conviction and sentence.

## BACKGROUND

In February 1999, Faye Roppo filed a complaint with the United States Postal Service, alleging that an insurance settlement check in the amount of $5,033.85 had been stolen from her mailbox in front of her house. Ms. Roppo had been expecting the check from Alliance Insurance Company, and when it failed to arrive, she contacted Alliance and was told it had been mailed to her on November 20, 1998. Alliance also told Ms. Roppo that, on January 14, 1999, the check was negotiated at Western National Bank and deposited into the account of Ann Mish.

Ann Mish was an elderly woman, suffering from some form of dementia, who shared a banking account at Western National Bank with her son, Stuart Mish. During the first week of January 1999, Ms. Horsley's brother, Richard Salaz, met with Stuart Mish, presented him with the Roppo check and asked him to cash it. [1] Stuart Mish, in turn, asked his mother to deposit the check into their joint checking account, which she did. The back of the check had been endorsed

---

[1]Salaz testified that Ms. Horsley had given him the check and asked for his help in cashing it. Trial Tr. at 173-75, R. Vol. 3.

with the forged signature of Faye Roppo and made payable to Ann Mish. On January 19, Ann Mish withdrew the funds from the joint account and gave them to Mr. Salaz.

Stuart Mish testified that, in February 1999, he met Ms. Horsley at a bar in Colorado Springs. [2] Mish testified that during that meeting, Ms. Horsley asked him if he could cash a check in the amount of $5,001.49 made out to Franklin Hicks. The check had been sent to Mr. Hicks' old address, 4762 South Dearborn Court in Aurora, Colorado, as a solicitation for a loan by Household Finance. At the time Stuart Mish and Ms. Horsley met, Ms. Horsley resided at 4762 South Dearborn Court along with her brother, Richard Salaz, and her children. On February 12, Stuart Mish deposited the Hicks check into his account at Western National Bank. On February 16, he withdrew $5,000 from the account, and gave it to Ms. Horsley and her brother.

On May 11, 1999, Postal Inspectors W. D. Bennett and Carlos Morales questioned Ms. Horsley at her house concerning the Roppo and Hicks checks. Ms. Horsley also gave a written statement to the inspectors. The inspectors also searched Ms. Horsley's car. She denied any involvement with the stolen checks.

---

[2]Salaz testified that he arranged the meeting between Ms. Horsley and Stuart Mish. Trial Tr. at 190-91, R. Vol. 3.

Ms. Horsley was arrested on April 19, 2000, and charged with two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. Ms. Horsley filed a motion to suppress her statements made to the Postal Inspectors, arguing that she was "in custody" when those statements were made and that she had not been given her Miranda rights as required for an individual in custody. The district court denied her motion to suppress, finding "the facts to be credible as detailed by the two Postal Inspectors in their Court testimony," and concluding that there was "no evidence that this defendant was in custody." Order at 2, R. Vol. 1, Tab 64 at 2.

Ms. Horsley was tried before a jury, which found her not guilty of Count One, involving the Roppo check, and guilty of Count Two, involving the Hicks check. At sentencing, the court calculated Ms. Horsley's base offense level as 4, pursuant to Sentencing Guideline §2B1.1(a). The court then increased her offense level by five levels, pursuant to §2B1.1(b)(1)(F), because the loss of both the Roppo and Hicks checks exceeded $10,000. The court found that, although Ms. Horsley had been acquitted of possession of the Roppo check, a preponderance of the evidence established that she had possessed it. That had the effect of increasing her imprisonment range to eight to fourteen months and eliminating the option of probation.

Ms. Horsley argues: (1) the district court erred in denying her motion to suppress because she was in custody when she made statements to the Postal Inspectors and therefore subject to Miranda, and it is undisputed that the inspectors failed to give Ms. Horsley her Miranda rights; (2) at sentencing, the district court failed to comply with 18 U.S.C. § 3661 because it failed to prove by a preponderance of the evidence that Ms. Horsley possessed the Roppo check.

**DISCUSSION**

**I. Denial of Motion to Suppress**

Ms. Horsley argues the district court erred in denying her motion to suppress the statements made to the postal inspectors on May 11, 1999. We review the factual findings underlying the denial of a motion to suppress for clear error, viewing the evidence in the light most favorable to the district court's holding. United States v. Caro, 248 F.3d 1240, 1243 (10th Cir. 2001). Credibility determinations are for the district court to make. Id.

It is undisputed that the postal inspectors did not read Ms. Horsley her rights under Miranda v. Arizona, 384 U.S. 436 (1966), before they questioned her about the stolen checks. The district court found no error, however, because it concluded that Ms. Horsley was not in custody at the time of the questioning.

The government argues that Ms. Horsley's Miranda claim is moot, because the government never offered her statements at trial, although it did introduce at trial handwriting exemplars taken from Ms. Horsley during the questioning. Alternatively, it argues the district court correctly found no custodial status. We agree with both arguments.

First, we have carefully reviewed the entire record in this case and it is clear that the government did not in fact introduce any statements Ms. Horsley made on May 11. Thus, she suffered no harm from the district court's failure to suppress them. She also suffered no harm from the introduction of her handwriting exemplar at trial because the handwriting analysis was inconclusive.

Moreover, even addressing the merits of her Miranda claim, we affirm the district court's conclusion that she was not in custody. "[W]e review the district court's ultimate 'in custody' determination de novo, with proper deference to the district court's findings of historical fact and credibility determinations." United States v. Erving L., 147 F.3d 1240, 1246 (10th Cir. 1998).

The district court found the postal inspectors' testimony to be credible. The court further found that "the evidence supports [a finding that] this defendant voluntarily called one inspector to set up a mutually agreeable time for the interview." Order at 2, R. Vol. 1, Tab 64 at 20. All of the other evidence supports the district court's conclusion that Ms. Horsley was not in custody: the

questioning occurred in Ms. Horsley's home, a factor supporting the non-custodial nature of the encounter. See United States v. Rith, 164 F.3d 1323, 1332 (10th Cir. 1999) (noting that among the factors supporting the district court's conclusion that the suspect was not in custody was the fact that the questioning occurred in the suspect's home); Erving L., 147 F.3d at 1247 (same). Additionally, as the inspectors testified at the suppression hearing, they were dressed in plain clothes, did not display weapons, and in no way "impose[d] physical restraint upon" Ms. Horsley. Rith, 164 F.3d at 1332. We therefore affirm the district court's conclusion that Ms. Horsley was not in custody when the postal inspectors questioned her.

Furthermore, to the extent Ms. Horsley also claims error in the admission at trial of her handwriting exemplar because she was not given her Miranda rights before she gave the exemplar, that argument also fails. [3]

---

[3]Miranda's protection of a person's Fifth Amendment right against self-incrimination "only protects against compelled testimonial facts disclosed by an individual." Lucero v. Gunter, 17 F.3d 1347, 1350 (10th Cir. 1994). Thus, Ms. Horsley could be compelled to provide a handwriting exemplar without violation of her Fifth Amendment rights which Miranda is designed to protect. Gilbert. v. California, 388 U.S. 263, 266-67 (1967).

## II. Sentencing

Ms. Horsley argues she "must be re-sentenced because the district court did not comply with 18 U.S.C. § 3661 where the government failed to prove by a preponderance of the evidence that Ms. Horsley possessed the Faye Roppo Check." Appellant's Opening Br. at 10.

Section 3661 provides that "[n]o limitation shall be placed on the information concerning the . . . conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; see also USSG §1B1.4. [4] In accordance with the Sentencing Guidelines, the district court calculated Ms. Horsley's base offense level at four, see USSG §2B1.1(a), and then increased it by five levels because the loss was more than $10,000 but less than $20,000. See id. §2B1.1(b)(1)(F). Ms. Horsley argue the amount of loss utilized for sentencing purposes should be limited to the amount of the Hicks check ($5,001.49), the only check which she was convicted of possessing. The district court disagreed:

---

[4]Section 1B1.4 provides as follows:

In determining the sentence to be imposed within the guideline range, or whether a departure from guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. See 18 U.S.C. § 3661.

USSG §1B1.4.

I'm going to find that the loss amount is the $10,000 sum, and the Court would make a finding that as it relates to count one, that there was evidence presented to the Court which would indicate by a preponderance of the evidence the check related to count one, which was the Faye Roppo check in the amount of $5,033.85, should be included in the total loss amount, even though the defendant was found not guilty as to count one.

Tr. of Sentencing Proceeding, R. Vol. 6 at 6.

The Supreme Court has explicitly held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam); see also United States v. Hishaw, 235 F.3d 565, 576-77 (10th Cir. 2000), cert. denied, 121 S. Ct. 2254 (2001). We review the district court's factual findings for clear error only, and after a thorough review of the record in this case, we affirm the district court's finding that a preponderance of the evidence supported the conclusion that Ms. Horsley possessed the Roppo check. The court accordingly correctly included it in its calculation of the total loss for purposes of Ms. Horsley's sentence. [5]

## CONCLUSION

---

[5]Inclusion of the amount of the Roppo check did not cause Ms. Horsley's sentence to exceed the statutory maximum of five years. See Apprendi v. New Jersey, 530 U.S. 466, 483 n.10 (2000).

- 9 -

For the foregoing reasons, we AFFIRM the denial of Ms. Horsley's motion to suppress, and AFFIRM her conviction and sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge